UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL PATRICK NORRIS,
ROBERT REID, *et al.*,

    Plaintiffs,

v.

HONEYWELL INTERNATIONAL, INC. and HONEYWELL FEDERAL MANUFACTURING & TECHNOLOGIES, LLC,

    Defendants.

Case No: 8:22-cv-2210-CEH-MRM
*Consolidated into lead case no. 8:22-cv-1675-CEH-TGW*

# ORDER

This matter comes before the Court on the parties' Joint Motion to Extend Plaintiffs' Class Certification Deadline and to Stay Discovery (Doc. 58), as well as Defendants' Motion to Stay Discovery (Doc. 53). The parties request to stay discovery until the resolution of Defendants' motion to dismiss (Doc. 32). Although Plaintiffs initially opposed Defendants' motion to stay discovery, *see* Doc. 54, they now join in it. Doc. 58 at 1. The parties also request that Plaintiffs' deadline to move for class certification be extended to 120 days after the resolution of Defendants' motion to dismiss.[1]

---

[1] The instant action, 8:22-cv-2210, was consolidated into a related action, 8:22-cv-1675. *See* Doc. 31. Motions to dismiss are pending in both cases, *see* Docs. 32, 33, and the parties' joint motion to stay refers to the pendency of both motions. Doc. 58 at 2-3.

Upon review and consideration, and being fully advised in the premises, the Court will grant-in-part and deny-in-part Plaintiffs' Motion to Extend Class Certification Deadline and to Stay Discovery. The motion will be granted to the extent that Plaintiffs' deadline to move for class certification is extended to 120 days from this Court's Order resolving Defendants' motion to dismiss. It will be denied to the extent that the parties request to stay discovery. Similarly, Defendants' Motion to Stay Discovery will be denied.

## BACKGROUND

In this putative class action, Plaintiffs are current or former employees of Defendants Honeywell International, Inc., and Honeywell Federal Manufacturing & Technologies, LLC, who were subject to a COVID-19 vaccine mandate. Doc. 14. They allege that Defendants violated their rights under the Americans with Disabilities Act and Title VII of the Civil Rights Act of 1964, by discriminating and retaliating against them because of their perceived disability and religious beliefs. *Id.*

Defendants have moved to dismiss on a variety of grounds. Doc. 32. They argue that: a) the Amended Complaint is a shotgun pleading because its claims fail to differentiate between the two Defendants; b) venue is improper for the named Plaintiffs who did not live or work in Florida; c) the ADA and Title VII claims fail to state a claim upon which relief can be granted; and d) Plaintiffs' claims do not warrant class treatment. *Id.* Plaintiffs oppose the motion. Doc. 42. The motion remains pending. In the meantime, the parties have moved to stay discovery and extend the class certification deadline pending resolution of the motion to dismiss. Docs. 53, 58.

DISCUSSION

Courts have broad discretion in managing their own dockets. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). This discretion includes the ability to stay discovery if a movant demonstrates good cause and reasonableness. *James v. JPMorgan Chase Bank, N.A.*, No. 8:15-CV-2424-SDM-JSS, 2016 WL 520031, *1 (M.D. Fla. Feb. 9, 2016), citing Fed. R. Civ. P 26(c)(1). However, motions to stay discovery "are not favored because delays in discovery can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Id.* (citation omitted).

The pendency of a motion to dismiss normally will not justify a stay of discovery. Middle District Discovery (2021) at Section I.E.4; *see also*, *e.g.*, *In re Winn Dixie Stores, Inc. Erisa Litig.*, 3:04-cv-194-VMC-MCR, 2007 WL 1877887, *2 (M.D. Fla. June 28, 2007) (Covington, J.).[2] Indeed, "a stay of discovery pending the resolution of a motion to dismiss is the exception, rather than the rule." *Jolly v. Hoegh Autoliners Shipping AS*, 3:20-cv-1150-MMH-PDB, 2021 WL 1822758, *1 (M.D. Fla. Apr. 5, 2021). "Such motions for stay are rarely granted"—only "unusual

---

[2] Although the Eleventh Circuit in *Chudasama v. Mazda Motor Corporation*, 123 F.3d 1353, 1367-68 (11th Cir. 1997) held that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should…be resolved before discovery begins," the cause of action subject to dismissal in that case significantly enlarged the scope of discovery and was "especially dubious." *Chudasama* and its progeny actually "stand for the [narrow] proposition that courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount." *Koock v. Sugar & Felsenthal, LLP*, No. 8:09-cv-609-EAK-EAJ, 2009 WL 2579307, *2 (M.D. Fla. Aug. 19, 2009) (quotation omitted).

3

circumstances may justify a stay of discovery in a particular case upon a showing of prejudice or undue burden." Middle District Discovery (2021) at Section I.E.4.

In determining whether to stay discovery pending the resolution of a motion, the Court "must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997). When balancing these considerations, the Court may take a "preliminary peek" at the merits of the purportedly dispositive motion to determine if, on the motion's face, "there appears to be an immediate and clear possibility" that the Court will grant the motion, which supports entering a stay. *Id.* The Court generally denies motions to stay absent a clear indication that the Court will dismiss the action in its entirety. *McCrimmon v. Centurion of Fla., LLC*, 3:20-cv-36-BJD-JRK, 2020 WL 6287681, *2 (M.D. Fla. Oct. 27, 2020) (collecting cases); *Jolly*, 2021 WL 1822758, at *1-2. The movant must also show the necessity, appropriateness, and reasonableness of the proposed stay. *Id.* at *1.

Here, the parties have not demonstrated that unusual circumstances justify the requested stay. The pendency of the motion to dismiss, by itself, does not supply good cause or reasonableness for the requested stay. *See* Middle District Discovery (2021) at Section I.E.4. Moreover, a preliminary peek at the motion does not demonstrate an immediate and clear possibility that the Court will dismiss the action in full. *See McCrimmon*, 2020 WL 6287681 at *2. While the Court does not express an opinion on the ultimate merits of the motion to dismiss, it is not convinced, upon preliminary review, that none of the named Plaintiffs' claims will survive. Moreover, to the extent

that some of Defendants' arguments in support of dismissal allege that Plaintiffs' allegations are inadequate to state a claim, the success of those arguments would likely result in a dismissal without prejudice and with leave to amend. The action is not likely to end upon resolution of the motion to dismiss. Therefore, despite the parties' agreement, the Court declines to stay discovery.

On the other hand, the Court finds that good cause supports Plaintiffs' request to extend the deadline for class certification. Its preliminary peek of Defendants' motion to dismiss suggests that not all the named Plaintiffs' claims are likely to remain in their existing form after the motion is resolved. Any dismissal of claims or changes to the current allegations would impact all parties' arguments regarding class certification. Further, unlike a stay of discovery pending a motion to dismiss, an extension of the class certification deadline is not disfavored in this District, if the movant establishes good cause. Finally, an extension of the class certification deadline is unlikely to impact the other deadlines. This aspect of the parties' joint motion is due to be granted.

Accordingly, it is **ORDERED**:

1. The parties' Joint Motion to Extend Plaintiffs' Class Certification Deadline and to Stay Discovery (Doc. 58) is **GRANTED-IN-PART and DENIED-IN-PART**. The motion is granted to the extent that Plaintiffs' deadline to move for class certification is extended to 120 days after the Court issues an Order on Defendants' Motion to Dismiss (Doc. 32). The motion is otherwise denied.

2. Defendants' Motion to Stay Discovery (Doc. 53) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on June 28, 2023.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties